UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN WUNDER; BRIDGEWATER MARKETING, )<br>LLC dba TIER 3 PRODUCTIONS; TRAVEL CLUB )<br>MARKETING BROKERS, LLC; CLASSIC )<br>PROMOTIONS & PREMIUMS, INC.; JOHN )<br>VANGINHOVEN; JAMES CURTIS LEMLEY; )<br>NATIONWIDE TRAVEL PROMOTIONS; KING )<br>TRAVEL PROMOTIONS; AMERICAN TRAVEL )<br>SUPPLIERS; CHRISTI WIGLE; CHELSEE FLY; )<br>ROB FLY; ORBITAL PROMOTIONS; ORACLE )<br>TRAVEL PROMOTIONS; SB GLOBAL )<br>MARKETING, LLC; LAURENT HAZOUT; SARA )<br>BAYLISS; KESSLER CREATIVE, LLC; KEITH )<br>KESSLER; DINA KESSLER; MAIL TO YOU, LLC; )<br>MAILHOUSE, LLC; BRAD FRY; INFLUENCE )<br>DIRECT, LLC; ANDY RIDDLE; JEREMY )<br>CROSSLIN; NETWORK CONSULTING )<br>ASSOCIATES, INC.; JOHN ANDERSON; JODY )<br>RITTER; JOHN ELMER; ALLSTAR MARKETING )<br>DIRECT, LLC; AERIE DAVIS; GRAND )<br>INCENTIVES, INC.; JOSE MARTINEZ; GRACE )<br>MARTINEZ; JD & T ENTERPRISES, INC.; DELTA )<br>SKY REWARDS, LLC; PRESCIENT MARKETING, )<br>LLC; MEREDITH SARVER; AND )<br>JOHN DOES 1-50, )<br>)<br>Defendants. ) | Case No.<br>1:13-CV-03388-TCB |

## ███████ CONSENT ORDER OF PRELIMINARY INJUNCTION AND DISSOLUTION OF TEMPORARY RESTRAINING ORDER AS TO DEFENDANTS NETWORK CONSULTING ASSOCIATES, INC., JOHN ANDERSON, JODY RITTER, AND JOHN ELMER

This case involves the claims of Plaintiff Delta Air Lines, Inc. ("Delta" or "Plaintiff") that Defendants Network Consulting Associates, Inc. ("NCA"), John Elmer ("Elmer"), John Anderson ("Anderson"), and Jody Ritter ("Ritter") (collectively, the "NCA Defendants") have, *inter alia*, violated the Lanham Act (15 U.S.C. § 1051 *et seq.*). Without any admission or finding of liability or wrongdoing of any kind, the NCA Defendants hereby consent to the entry of the following Order:

### DEFINITIONS

"Delta Marks" means and includes the following registered marks, all of which are owned solely by Delta:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |

| | | |
|---|---|---|
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |
| 1968255 | SKYMILES | April 16, 1996 |

## BACKGROUND AND PROCEDURAL HISTORY

On December 10, 2013, upon Delta's motion, this Court entered a Temporary Restraining Order, Seizure Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction (the "TRO/Show Cause Order"). On December 16, 2013, the Court extended the TRO/Show Cause Order (the "Extending Order") to and through December 30, 2013 and set a "show cause" hearing on that date. The Court directed Defendants to appear at the appointed time and show cause why a preliminary injunction should not be granted in Delta's favor pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051 *et seq.*).

## GRANT OF PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED** that, until the final disposition of this case or other intervening order of this Court, the NCA Defendants are restrained and enjoined from:

(a) creating, printing, shipping, delivering, mailing, distributing, collecting, returning, knowingly profiting from, or using in any manner documents or

materials bearing the Delta name referring to or in connection with air travel or other travel related services or the Delta Marks and/or any reproduction, counterfeit, copy, or colorable imitation thereof; and/or

(b) making any false statement or misrepresentation via any medium, whether oral or written, to the effect that any Defendant was or is:

   (1) affiliated with Delta;

   (2) an agent, partner, or contractor of Delta; and/or

   (3) otherwise acting on behalf of Delta or with the authorization, approval, consent, or ratification of Delta; and/or

(c) participating in, aiding, abetting, enabling, encouraging, ratifying, assisting in, profiting from, inducing, conspiring to carry out, directing, contracting for, and/or otherwise contributing to the commission of any act by or with a non-party that would be a violation of this Order if performed or carried out by or with a Defendant who is enjoined in this case.

*Provided however*, this Order shall not restrict any authorized, licensed or other lawful use of the Delta Marks.

## ACKNOWLEGEMENT OF DOCUMENT RETENTION DUTIES

The NCA Defendants acknowledge their document retention and preservation obligations per FCRP 26 and applicable case law.

This __30th__ day of December, 2013.

_____
JUDGE TIMOTHY C. BATTEN, SR.
United State District Court
Northern District of Georgia

CONSENTED TO BY:

_____
Richard W. Epstein, *Admission Pro Hac Vice Pending*
FL Bar No. 229091
Greenspoon Marder, P.A.
200 East Broward Boulevard
Suite 1500
Fort Lauderdale FL 33301
954.491.1120 (t)
954.343.6958 (f)
richard.epstein@gmlaw.com

*Attorney for the NCA Defendants*