IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:13-cv-3388-TCB |
| JOHN WUNDER; BRIDGEWATER MARKETING, ) | |
| LLC dba TIER 3 PRODUCTIONS; TRAVEL CLUB ) | |
| MARKETING BROKERS, LLC; CLASSIC ) | |
| PROMOTIONS & PREMIUMS, INC.; JOHN ) | |
| VANGINHOVEN; JAMES CURTIS LEMLEY; ) | |
| NATIONWIDE TRAVEL PROMOTIONS; KING ) | |
| TRAVEL PROMOTIONS; AMERICAN TRAVEL ) | |
| SUPPLIERS; CHRISTI WIGLE; CHELSEE FLY; ) | |
| ROB FLY; ORBITAL PROMOTIONS; ORACLE ) | |
| TRAVEL PROMOTIONS; SB GLOBAL ) | |
| MARKETING, LLC; LAURENT HAZOUT; SARA ) | |
| BAYLISS; KESSLER CREATIVE, LLC; KEITH ) | |
| KESSLER; DINA KESSLER; MAIL TO YOU, LLC; ) | |
| MAILHOUSE, LLC; BRAD FRY; INFLUENCE ) | |
| DIRECT, LLC; ANDY RIDDLE; JEREMY ) | |
| CROSSLIN; NETWORK CONSULTING ) | |
| ASSOCIATES, INC.; JOHN ANDERSON; JODY ) | |
| RITTER; JOHN ELMER; ALLSTAR MARKETING ) | |
| DIRECT, LLC; AERIE DAVIS; GRAND ) | |
| INCENTIVES, INC.; JOSE MARTINEZ; GRACE ) | |
| MARTINEZ; JD & T ENTERPRISES, INC.; DELTA ) | |
| SKY REWARDS, LLC; PRESCIENT MARKETING, ) | |
| LLC; MEREDITH SARVER; AND ) | |
| JOHN DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF PRELIMINARY INJUNCTION AND DISSOLUTION OF TEMPORARY RESTRAINING ORDER

This case involves the claims of Plaintiff Delta Air Lines, Inc. ("Delta" or "Plaintiff") that Defendants have violated the Lanham Act (15 U.S.C. § 1051 *et seq.*), violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1692 *et seq.*), and committed other actionable misconduct.  The matter is presently before the Court on the motion of Delta for a preliminary injunction enjoining the allegedly wrongful acts of the various Defendants.

## DEFINITIONS

"Delta Marks" means and includes the following registered marks, all of which are owned solely by Delta:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |
| 1968255 | SKYMILES | April 16, 1996 |

## BACKGROUND AND PROCEDURAL HISTORY

### A. Overview of Lawsuit

Delta has presented evidence that Defendants, in relation to a fraudulent enterprise involving the sale of travel club memberships and with actual and/or constructive knowledge of the illegal nature of their and/or their joint enterprisers' wrongful acts, are manufacturing, importing, exporting, distributing, marketing, advertising, displaying, knowingly profiting from, and/or otherwise using in the marketing of their business operations, materials bearing infringing and counterfeit reproductions of the Delta Marks.

### B. Procedural History

On December 10, 2013, upon Delta's motion, this Court entered a Temporary Restraining Order, Seizure Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction (the "TRO/Show Cause Order"). On December 16, 2013, the Court extended the TRO/Show Cause Order (the "TRO Extension Order") to and through December 30, 2013 and set a "show cause" hearing (the "Hearing") on that date. The Court directed Defendants to appear at the appointed time and show cause why a preliminary injunction should not be granted in Delta's favor pursuant to Federal Rule of Civil Procedure 65, the

Lanham Act (15 U.S.C. § 1051 *et seq.*), and the federal RICO Act (18 U.S.C. § 1692 *et seq.*).

The Defendants specified below were served with summons and process, Delta's TRO/Show Cause Motion and Brief, the TRO/Show Cause Order, the TRO Extension Order, Delta's expedited discovery, and all other pleadings, documents, and orders filed or entered herein as of the date of service (collectively, the "Service Materials").  In the TRO/Show Cause Order and the TRO Extension Order, the Court directed Defendants to file their respective answering papers and response briefs at least three business days prior to the December 30, 2013 Hearing and expressly warned that failure to attend the Hearing could result in the immediate entry of a preliminary injunction against the non-appearing Defendants. *(TRO/Show Cause Order at 6-7 and TRO Extension Order at 2).*

## C. Status of the Various Defendants

### 1. Defendants Who Informed Delta of Their Non-Opposition and Intended Non-Appearance at Hearing

The following duly-served Defendants previously indicated to Delta's Counsel that they would not appear at the Hearing because they did not oppose the entry against them of preliminary injunctive relief:

    (a) Kessler Creative, LLC;

    (b) Keith Kessler;

    (c) Dina Kessler;

    (d) Influence Direct, LLC;

    (e) Andy Riddle; and

    (f) Jeremy Crosslin.

Attorney Daniel MacIntyre was present on behalf of Kessler Creative, LLC, Keith Kessler, and Dina Kessler, but did not oppose Delta's motion. Defendants Influence Direct, LLC, Andy Riddle, and Jeremy Crosslin did not appear at the Hearing. These six Defendants are subject to this preliminary injunction and are hereby enjoined as more fully described below.

## 2. **Defendants Who Entered into a Consent Preliminary Injunction**

The following Defendants previously agreed by and through their Counsel to the entry of a consent preliminary injunction specific to their respective clients:

    (a) Network Consulting Associates, Inc.;

    (b) John Anderson;

    (c) Jody Ritter; and

    (d) John Elmer.

The consent preliminary injunction has been or shall be entered separately from the instant preliminary injunction, and accordingly, this preliminary injunction is not applicable to the four above-named Defendants.

### 3. **Defendants Who Were Duly Served, but Failed to Respond and Failed to Appear at the Hearing**

#### a. **Non-Responding Defendants Served on December 18, 2013**

The following Defendants were served with the Service Materials on December 18, 2013. Pursuant to the express terms of the Court's TRO/Show Cause Order and TRO Extension Order, these Defendants' respective answering papers and responses to Delta's motion for injunctive relief (if any) were required to be filed and served by delivery to Delta's Counsel on or before December 24, 2013. These Defendants failed and refused to file or serve any response to Delta's preliminary injunction motion, failed to appear at the Hearing, and failed otherwise to oppose the entry of a preliminary injunction:

        (1) Bridgewater Marketing, LLC dba Tier 3 Productions; and

        (2) John Wunder.

These two Defendants are subject to this preliminary injunction and are hereby enjoined as more fully described below.

### b. **Non-Responding Defendants Served on December 19, 2013**

The following Defendants were served with the Service Materials on December 19, 2013. Pursuant to the express terms of the Court's TRO/Show Cause Order and TRO Extension Order, these Defendants' respective answering papers and responses to Delta's motion for injunctive relief (if any) were required to be filed and served by delivery to Delta's Counsel on or before December 24, 2013. These Defendants failed and refused to file or serve any response to Delta's preliminary injunction motion, failed to appear at the Hearing, and failed otherwise to oppose the entry of a preliminary injunction:

    (1) J D& T Enterprises, Inc.;

    (2) Mail to You, LLC;

    (3) Mailhouse, LLC;

    (4) Delta Sky Rewards, LLC;

    (5) Travel Club Marketing Brokers, LLC;

    (6) James Curtis Lemley;

    (7) Nationwide Travel Promotions;

    (8) King Travel Promotions;

    (9) American Travel Suppliers;

    (10) Oracle Travel Promotions;

(11) Orbital Promotions;

(12) SB Global Marketing, LLC;

(13) Grand Incentives, Inc.;

(14) Jose Martinez; and

(15) Grace Martinez.

These fifteen Defendants are subject to this preliminary injunction and are hereby enjoined as more fully described below.

### c. **Non-Responding Defendants Served on December 20, 2013**

The following Defendants were served with the Service Materials on December 20, 2013 (five business days in advance of the Hearing). These Defendants failed and refused to file or serve any response to Delta's preliminary injunction motion and failed to appear the Hearing:

(1) Allstar Marketing Direct, LLC; and

(2) Aerie Davis.

These two Defendants are subject to this preliminary injunction and are hereby enjoined as more fully described below.

### d. **Non-Responding Defendants Served on December 24, 2013**

The following Defendants were served with the Service Materials on December 24, 2013 (three business days in advance of the Hearing). These

Defendants failed and refused to file or serve any response to Delta's preliminary injunction motion, failed to appear at the Hearing, and failed otherwise to oppose the entry of a preliminary injunction:

    (1) Chelsee Fly; and

    (2) Rob Fly.

These two Defendants are subject to this preliminary injunction and are hereby enjoined as more fully described below.

### 4. Defendants Who Responded to Delta's Motion and Appeared at the Hearing to Oppose Delta's Motion

Defendants Classic Promotions & Premiums, Inc. and John Vanginhoven were served with the Service Materials on December 19, 2013. With leave of Court to allow a late filing, these Defendants filed a response brief on December 30, 2013 and appeared at the hearing with their Counsel Elizabeth Ann Morgan to oppose the entry of the preliminary injunctive relief sought by Delta. Having reviewed the briefs of Delta and these Defendants and having heard argument thereon at the Hearing, this Court finds that, consistent with findings set forth below, these two Defendants shall be and are hereby enjoined by this preliminary injunction.

**5. Defendants Not Yet Located and Served by Delta**

Delta has represented to the Court that it has been unable to locate and serve the following Defendants:

 (a) Brad Fry;

 (b) Prescient Marketing, LLC;

 (c) Meredith Sarver;

 (d) Christi Wigle;

 (e) Sara Bayliss; and

 (f) Laurent Hazout.

These Defendants are not subject to this preliminary injunction. Delta is directed to continue to use diligent efforts to locate these Defendants and cause them to be served with the Service Materials. Delta may renew its preliminary injunction motion against these Defendants as they are located and served.

## FINDINGS BY THE COURT

The Court, having reviewed the record and heard argument by the parties present at the Show Cause Hearing, finds:

1. Delta is likely to succeed on the merits of its case by showing that Defendants have used and will continue to use and/or knowingly profit from infringing and counterfeit versions of the Delta Marks. Unless enjoined, these

violations will continue to occur.

2. The continuing infringement and related violations by Defendants would result in irreparable harm to Delta.

3. The harm to Delta from the denial of the requested preliminary injunctive relief outweighs any harm to Defendants arising from the grant of the requested relief.  Defendants have no legitimate business interest in the infringement of Delta's Marks.

4. Especially in light of the intentional nature of Defendants' infringement, the injunctive relief requested by Delta also serves the public interest.

5. Delta has posted a $10,000 bond as surety for the issuance of this preliminary injunction.  This bond shall remain in place during the pendency of this preliminary injunction.

6. Delta's right to preliminary injunctive relief against Classic Promotions & Premiums, Inc. and John Vanginhoven is not barred by the doctrines of laches, delay, lack of irreparable harm, or any other defense.

## GRANT OF PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED** that, until the final disposition of this case or other intervening order of this Court, Defendants Kessler Creative, LLC; Keith Kessler; Dina Kessler; Influence Direct, LLC; Andy Riddle; Jeremy Crosslin;

Bridgewater Marketing, LLC dba Tier 3 Productions; John Wunder; JD& T Enterprises, Inc.; Mail to You, LLC; Mailhouse, LLC; Delta Sky Rewards, LLC; Travel Club Marketing Brokers, LLC; James Curtis Lemley; Nationwide Travel Promotions; King Travel Promotions; American Travel Suppliers; Oracle Travel Promotions; Orbital Promotions; SB Global Marketing, LLC; Grand Incentives, Inc.; Jose Martinez; Grace Martinez; Allstar Marketing Direct, LLC; Aerie Davis; Chelsee Fly; Rob Fly; Classic Promotions & Premiums, Inc.; and John Vanginhoven are restrained and enjoined from:

(a) creating, printing, shipping, delivering, mailing, distributing, collecting, returning, knowingly profiting from, or using in any manner documents or materials bearing the name "Delta" as it relates to any form or sort of air transportation services or travel-related services, the Delta Marks, and/or any reproduction, counterfeit, copy, or colorable imitation thereof;

(b) making any statement or representation via any medium, whether oral or written, to the effect that any Defendant was or is:

   (1) affiliated with Delta;

   (2) an agent, partner, or contractor of Delta; and/or

   (3) otherwise acting on behalf of Delta or with the authorization, approval, consent, or ratification of Delta; and/or

(c) participating in, aiding, abetting, enabling, encouraging, ratifying, assisting in, profiting from, inducing, conspiring to carry out, directing, contracting for, and/or otherwise contributing to the commission of any act that would be a violation of this Order if performed or carried out by an enjoined person or entity;

(d) destroying or otherwise disposing of any products, digital storage media, items, merchandise, business records, or other documents of any sort or type:

(1) that memorialize, arise from, touch upon, or relate to in any way to any contractual or business relationship involving one or more of the Defendants listed in the style of this case;

(2) that bear or contain the Delta name and/or Marks and/or any reproduction, counterfeit, copy, or colorable imitation thereof; and/or

(3) the destruction or disposal of which would otherwise violate a Defendant's document retention obligations pursuant to Federal Rule of Civil Procedure 26 and other applicable federal law.

**IT IS SO ORDERED** this 30th day of December, 2013.

_____
TIMOTHY C. BATTEN, SR.
United State District Judge