UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | 1:13-CV-03388-TCB |
| JOHN WUNDER; BRIDGEWATER MARKETING, | ) | |
| LLC dba TIER 3 PRODUCTIONS; TRAVEL CLUB | ) | |
| MARKETING BROKERS, LLC; CLASSIC | ) | |
| PROMOTIONS & PREMIUMS, INC.; JOHN | ) | |
| VANGINHOVEN; JAMES CURTIS LEMLEY; | ) | |
| NATIONWIDE TRAVEL PROMOTIONS; KING | ) | |
| TRAVEL PROMOTIONS; AMERICAN TRAVEL | ) | |
| SUPPLIERS; CHRISTI WIGLE; CHELSEE FLY; | ) | |
| ROB FLY; ORBITAL PROMOTIONS; ORACLE | ) | |
| TRAVEL PROMOTIONS; SB GLOBAL | ) | |
| MARKETING, LLC; LAURENT HAZOUT; SARA | ) | |
| BAYLISS; KESSLER CREATIVE, LLC; KEITH | ) | |
| KESSLER; DINA KESSLER; MAIL TO YOU, LLC; | ) | |
| MAILHOUSE, LLC; BRAD FRY; INFLUENCE | ) | |
| DIRECT, LLC; ANDY RIDDLE; JEREMY | ) | |
| CROSSLIN; NETWORK CONSULTING | ) | |
| ASSOCIATES, INC.; JOHN ANDERSON; JODY | ) | |
| RITTER; JOHN ELMER; ALLSTAR MARKETING | ) | |
| DIRECT, LLC; AERIE DAVIS; GRAND | ) | |
| INCENTIVES, INC.; JOSE MARTINEZ; GRACE | ) | |
| MARTINEZ; JD & T ENTERPRISES, INC.; DELTA | ) | |
| SKY REWARDS, LLC; PRESCIENT MARKETING, | ) | |
| LLC; MEREDITH SARVER; AND | ) | |
| JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT PROTECTIVE ORDER**

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, and upon the agreement of the parties and for good cause shown, it is hereby ORDERED:

1.    Definitions

(a)    "Party" shall mean either Delta Air Lines, Inc. ("Plaintiff") or Defendants Classic Promotions & Premiums, Inc. ("Classic Promotions") and John VanGinhoven ("VanGinhoven") (collectively, the "Classic Promotions Defendants"); James Curtis Lemley ("Lemley"), Nationwide Travel Promotions ("Nationwide"), King Travel Promotions ("King Travel"), American Travel Suppliers, Christi Wigle ("Wigle"), Orbital Promotions ("Orbital"), and Oracle Travel Promotions ("Oracle") (collectively, the "Lemley Defendants") Kessler Creative, LLC ("Kessler Creative"), Keith Kessler, and Dina Kessler (collectively the "Kessler Defendants"); Influence Direct, LLC ("Influence Direct"), Andy Riddle ("Riddle"), and Jeremy Crosslin ("Crosslin") (collectively, the "Influence Direct Defendants"); Network Consulting Associates, Inc. ("NCA"), John Elmer ("Elmer"), John Anderson ("Anderson"), and Jody Ritter ("Ritter") (collectively, the "NCA Defendants"); Grand Incentives, Inc., Jose Martinez, and Grace Martinez (collectively, the "Grand Incentives Defendants"); Allstar Marketing Direct, LLC ("Allstar") and Aerie Davis ("Davis") (collectively, the "Allstar Defendants"), collectively "Defendants."

(b)    "Document" shall mean any written, recorded or graphic matter of any nature whatsoever, including film, television, Internet materials and drafts; and including but not limited to documents produced by a Party; transcripts of and exhibits to depositions of a Party, including any of its officers, directors, or employees taken in this action; and any portions of any documents filed in this action which quote from or summarize any of the foregoing documents.

2.    Documents or other materials produced in this case that the producing Party or a non-party witness believes in good faith contain or could lead to the disclosure of personally identifying information or personal or corporate financial information, including, but not limited to, home addresses, home telephone numbers, personal and/or corporate banking, financial, or credit account numbers, and other similar types of information that is not generally known to and which the producing Party or non-party witness would not normally reveal to third parties, or if disclosed would require such third parties to maintain in confidence, may be designated by the producing Party or non-party witness, as "Personal Information Confidential," and shall by that designation be subject to the provisions of this Protective Order concerning such information.  If any Party or non-party witness claims that any document produced or any information contained in the document is personal information confidential, then the Party or non-party witness claiming confidentiality shall mark the document, and each page of the document, with a

stamp identifying it as "Personal Information Confidential" or shall otherwise provide concurrent written notice of such designation with any such document production.

3.     Documents or other materials produced in this case that the producing Party or a non-party witness believes in good faith contain or could lead to the disclosure of proprietary or competitive business information not generally known to and which the producing Party or non-party witness would not normally reveal to third parties, or if disclosed would require such third parties to maintain in confidence, may be designated by the producing Party or non-party witness, as "Confidential," and shall by that designation be deemed confidential and subject to the provisions of this Protective Order.  If any Party or non-party witness claims that any document produced or any information contained in the document is confidential, then the Party or non-party witness claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential" or shall otherwise provide concurrent written notice of such designation with any such document production.   In addition, with regard to information that a Party or non-party witness affirmatively represents that it believes in good faith is highly confidential because it contains or includes sensitive information including but not limited to trade secrets; marketing plans and forecasts; product sales; manufacturing revenues; gross margins or

manufacturing costs; plans or forecasts, and the disclosure of which may harm the competitive position of the producing Party or its affiliates, that are not normally revealed to third parties and should not be viewed by opposing parties to the litigation, the producing Party or non-party witness may further designate that document "Highly Confidential/Attorneys' Eyes Only" and each page of the document shall be stamped as such.  Each Party or non-party that designates information or items for protection under this Order must take care to reasonably limit any such designation to specific material that qualifies under the appropriate standards.  A producing Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.      If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.      If documents or other materials deemed "Personal Information Confidential" are filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., they shall first be redacted only to the extent necessary to

prevent disclosure of the confidential personal information.  A producing Party must take reasonable care to designate for protection and redact only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Notwithstanding any statement or provision elsewhere herein to the contrary, documents or other materials deemed "Personal Information Confidential," shall not be subject to the terms of this Protective Order providing for documents or materials to be filed under seal.

6.      If documents or other materials deemed "Confidential" or "Highly Confidential/Attorneys' Eyes Only" are filed with the Court, they may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in paragraph 12 of the Court's Instructions to Parties and Counsel.  Those instructions are as follows:

For documents filed other than during a hearing or trial, counsel shall electronically file with the Clerk a motion to seal that lists the document(s) that counsel wants filed under seal.  Simultaneously, counsel shall email to Ms. Smilley (1) a proposed order granting the motion, and (2) a copy of each document that counsel wants filed under seal. Counsel should not send paper copies of the documents to chambers or to the Clerk's office.

For tangible things other than documents, the parties shall deliver the items to Ms. Smilley in chambers along with a proposed order permitting the tangible things to be filed under seal. The opposing party shall not be permitted to oppose the motion to file under seal. The Court will review, in camera, the documents and tangible things sought to be sealed. If the Court agrees that they should be sealed, the proposed order will be filed. Also, if a party seeks to have only a portion of a document (including briefs) filed under seal, only that portion will be filed under seal, and counsel shall follow the process described above, simultaneously filing electronically a redacted version of the document filed under seal.

7.     Within thirty (30) days after receipt of a completed transcript of a deposition of any Party or witness in this case, if any Party determines that the deposition discloses confidential personal information pursuant to the terms of paragraph 2, such Party or witness may make a written designation of that information as Personal Information Confidential, and when filed with the Court, the transcript containing this material shall be redacted and marked in the manner described in paragraph 2. Within thirty (30) days after receipt of a completed transcript of a deposition of any Party or witness in this case, if any Party determines that the deposition discloses information that is confidential or highly confidential information or could lead to the disclosure of confidential or highly confidential information, such Party or witness (using the form attached as

7

"Exhibit A") may designate that information Confidential or Highly Confidential/Attorneys' Eyes Only, and when filed with the Court, the transcript containing this material shall be filed under seal and marked in the manner described in paragraph 3 above. During the thirty (30) days allowed for review of the transcript, it shall be treated by all parties to this Protective Order as "Highly Confidential/Attorneys' Eyes Only".

8.    Information, documents, or other material subject to the terms of this Protective Order regarding "Confidential" and "Highly Confidential/Attorneys' Eyes Only" shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when such pleadings, motions, briefs, etc. have been filed under seal and marked in the same manner as described in paragraph 6 above.  Such sealed pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

9.    Unless the Court orders otherwise or by agreement of the parties, any pleadings, briefs, motions, etc. containing or referring to the information, documents, or other materials subject to the terms of this Protective Order regarding information that is designated "Confidential" or "Highly Confidential/Attorneys' Eyes Only" shall be presented to the Court under seal.

10.    Use of any information, documents, or other materials subject to this Protective Order, including all derivative information therefrom, shall be restricted solely to the litigation of this case and shall not be used by any Party or non-party witness for any purpose not directly related to the litigation of this case, and under no circumstances shall it be used for any business, competitive, or personal purpose.  This restriction applies even if any subsequent litigation involves the parties to this case.  This Protective Order, however, shall in no way operate to restrict the disclosure or use of any information that is known or becomes known through lawful means or sources other than its production by the producing Party in this litigation.

11.    Procedures for Approving Disclosure of "Highly Confidential - Attorneys' Eyes Only" information or items to "Experts"

(a)    Unless otherwise ordered by the Court or agreed in writing by the producing Party, a Party that intends to disclose to an "Expert" (meaning any person to which disclosure would occur pursuant to paragraph 12(c) hereof) any information or item that has been designated as "Highly Confidential/Attorneys' Eyes Only" first must notify the producing Party of (1) the specific "Highly Confidential/Attorneys' Eyes Only" information that the receiving Party intends to disclose to the "Expert," (2) the full name of the "Expert" and the city and state of his or her primary residence, (3) the "Expert's" current resume, (4)  the "Expert's"

current employer(s), and (5) the identification (by name and number of the case, filing date, and location of court) of any litigation in connection with which the "Expert" has provided any professional services during the preceding four years.

(b)     The producing Party may object to the disclosure of information or items designated by it as "Highly Confidential/Attorneys' Eyes Only" at any time within five (5) court days after being served with the other Party's notice pursuant to paragraph 11(a) by serving on the disclosing Party a written objection setting forth in detail the grounds on which the objection is based.  In no event shall a Party that makes a request pursuant to paragraph 11(a) provide information or items designated as "Highly Confidential/Attorneys' Eyes Only" until and unless the five (5) day period has expired and no written objection has been received from the producing Party.

(c)     A Party that receives a timely written objection must meet and confer with the producing Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the "Expert" may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the "Expert" is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.   In addition, any such motion must be accompanied by a

10

competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the producing Party for its refusal to approve the disclosure.   In the event a timely written objection is received from the producing Party pursuant to paragraph 11(b) hereof, no disclosure of "Highly Confidential/Attorneys' Eyes Only" information or items shall be made to the "Expert" until either (i) the Parties are successful in resolving the disclosure issue by agreement pursuant to this subparagraph or (ii) the Court rules in favor of the receiving Party on its motion seeking permission to disclose "Highly Confidential/Attorneys' Eyes Only" information or items pursuant to this subparagraph.

In connection with any such motion, the Party opposing disclosure to the "Expert" shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving Party's need to disclose the subject information or items to its "Expert."

Nothing contained herein shall be construed as an agreement by any Party of the propriety of any "Expert" designation by any other Party.

12.   Disclosure of information, documents, or other materials subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the following persons, on the conditions set forth below:

(a)     Corporate representatives of a Party or its affiliates that have a need to review such information in connection with advocacy of said Party's position in this litigation;

(b)     Counsel for Plaintiff and named Defendants in the above-styled civil action, including attorneys, paralegal assistants, and stenographic and clerical employees of said counsel's respective law firms;

(c)     Any individual retained or specifically employed by Plaintiff or Defendants as an "Expert," either in anticipation of litigation, preparation for trial, or to testify at trial, provided that such individual executes a statement agreeing to be bound by this Protective Order in the form attached hereto as Exhibit "B" prior to that individual's exposure to the confidential documents.   It shall be the responsibility of counsel for Plaintiff and Defendants to ensure that any individual retained or specifically employed by their respective clients as an "Expert," either in anticipation of litigation, preparation for trial, or to testify at trial, reviews and agrees to be bound by the terms set forth in this Protective Order by signing a statement set forth in the form attached hereto as Exhibit "B," and that a copy of that signed statement is delivered to the appropriate counsel;

(d)     Jurors, the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court, and stenographic reports

and camera operators (if a deposition is videotaped) and not regularly employed by the Court who are engaged by the Court during the litigation of this action;

(e)     Representatives of any insurers of the parties whose policies are implicated by claims or counterclaims in this case.  It shall be the responsibility of outside counsel for Plaintiff and Defendants to ensure that any such representative reviews and agrees to be bound by the terms set forth in this Protective Order by signing a statement set forth in the form attached hereto as "Exhibit B," and that a copy of the signed statement is delivered to counsel for each Party.

(f)     Further access may be agreed to by the parties documented in writing or requested by any Party by motion filed with this Court and approved by this Court.

Highly confidential information (designated "Highly Confidential/Attorneys Eyes Only") shall only be made available to the persons identified in Items (b) through (f) above, provided that they are approved to do so in accordance with paragraph 12, and only to persons covered by item (c) pursuant to the procedure identified in Paragraph 11.

13.     Whenever information designated as confidential pursuant to this Protective Order is to be (a) discussed by a Party or (b) disclosed in a deposition or other hearing or proceeding, any Party claiming confidentiality may exclude from the room any person, other than persons designated in the pertinent portion of

paragraph 12 of this Protective Order, for that portion of the deposition, hearing, or proceeding.

14.     This Protective Order shall not constitute a waiver of any right of any Party to oppose any request for documents or information as provided under the Federal Rules of Civil Procedure.   Further, nothing contained in this Protective Order shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of information, documents, or other materials subject to this Protective Order.   Also, nothing contained in this Protective Order shall preclude any Party from objecting on any grounds to the admission into evidence at trial or at any hearing of any information, documents, or other materials subject to this Protective Order.   Nothing in this Protective Order shall prejudice any Party from seeking amendments to restrict or enhance the rights of access to and use of confidential or highly confidential documents or information, subject to order by the Court.

15.     Any materials that have been designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" under this Protective Order by any Party may be released from such confidentiality designation by that Party without the necessity of obtaining approval from any Party.   Any materials so released may be used by any Party with no further order of the Court required.   Such release must be in writing, signed by the releasing Party or its counsel.

16.     Within forty-five (45) days after entry of a final judgment no longer subject to appeal on the merits of this case, or coincidentally with the execution of any agreement between the Parties to resolve amicably and settle this case, each Party shall return to the producing Party, non-party, or deponent, whether or not a Party, all information, documents or other materials subject to this Protective Order, including all copies, notes (excluding attorney work product), summaries, renderings, photographs, recordings, and reproductions of every kind and nature. By way of example, if a final judgment is rendered which is affirmed on a final appeal, all information, documents or other materials subject to this Protective Order must be returned by each Party to the Parties that produced the material and this return must occur within thirty (30) days after notice of the final appellate decision.  Further, lead outside counsel shall send each other written assurance that any information subject to this Protective Order entered into a computer database or other retrieval system has been deleted, written over, or reformatted.  Deposition transcripts containing information subject to this Protective Order shall be returned to counsel for the deponent, if a Party.   If the deponent was a non-party, and the deposition transcript contains information subject to this Protective Order, any such deposition transcript shall be returned to the Party who designated any portions of the deposition transcript as "Confidential" or "Highly Confidential/Attorneys' Eyes Only".  This material shall be delivered in sealed

envelopes marked "Confidential" to counsel for that Party or witness. Notwithstanding this provision, counsel for the parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain information that has been designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only". Any such archival copies that contain information that has been designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" remain subject to this Protective Order.

17.    Information, documents, and other materials subject to this Protective Order may be introduced into evidence at trial or at other hearings, if otherwise admissible, provided that the Party seeking to do so shall give sufficient advance notice to the Court and to the Parties to allow arrangements to be made for in-camera treatment of the confidential or highly confidential documents, information, and other materials. Reference in the pretrial order shall be sufficient advance notice. In the event that the transcript of the trial is prepared, any Party may request in writing prior to the preparation of said transcript, certain portions thereof, which contain confidential or highly confidential information and materials, shall be filed under seal.

18.    Should any confidential or highly confidential information, documents, or other materials subject to this Protective Order, including all

information derived therefrom, be disclosed to any unauthorized person, whether through inadvertence of any Party, the act or omission of any Party, the unauthorized person:

(a)     Shall be informed promptly of the provisions of this Protective Order by the Party who first learns of the disclosure and upon such notice shall be subject to the terms of this Protective Order.

(b)     Shall be identified in writing (by name, employer, and employer's address) immediately to each Party;

(c)     Shall be directed to sign the promise of confidentiality attached hereto as "Exhibit B."    The person or entity that caused the unauthorized disclosure shall be responsible for securing the unauthorized persons' assent to the promise of confidentiality and for all reasonable attorneys' fees, costs and expenses associated with the enforcement of this Protective Order.

19.    If any Party believes that any information, documents, or other materials have been inappropriately designated by another Party or witness as subject to this Protective Order, the objecting Party shall, in writing, inform counsel for the Party claiming the protected status.  If the Parties are unable to resolve the matter informally, the Party objecting to the protected status may then file an appropriate motion before the Court, and the burden shall be on the Party

claiming the protected status to prove the necessity of inclusion within this Protective Order.

20.     The terms of this Protective Order may be modified only by written agreement of counsel for Plaintiff and Defendants or by further Order of the Court.

21.     Any document, notice, or other paper required or permitted to be sent or delivered to Plaintiff or Defendants shall be sent or delivered as follows:

      (a)     If to Plaintiff:

            Paul F. "Pete" Wellborn, III
            Kelly O. Wallace
            Jamie P. Woodard
            WELLBORN, WALLACE & WOODARD, LLC
            1175 Peachtree St. NE
            100 Colony Square, Suite 300
            Atlanta, Georgia 30361
            pete@wellbornlaw.com
            kelly@wellbornlaw.com
            jamie@wellbornlaw.com
            Phone: (404) 815-9595
            Fax: (404) 815-9957

      (b)     If to Defendants:

            <u>Lead Counsel for Kessler Defendants</u>

            J. Michael Lindell
            Roger K. Gannam
            LINDELL & FARSON, P.A.
            12276 San Jose Boulevard, Suite 126
            Jacksonville, Florida 32223-8630

            Phone:      (904) 880-4000
            Fax:          (904) 880-4013 FAX

E-mail:       mlindell@lindellfarson.com
              rgannam@lindellfarson.com
              pleadings@lindellfarson.com

<u>Lead Counsel for Influence Direct Defendants</u>

John F. Triggs
Ryan D. Levy
WADDEY & PATTERSON, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
T: (615) 242-2400
F: (615) 242-2221
jft@iplawgroup.com
rdl@iplawgroup.com

<u>Lead Counsel for the Classic Defendants</u>

Ava K. Doppelt
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
255 S. Orange Ave., Suite 1401
Orlando, Florida 32801

Phone:        (407)841-2330
Fax:          (407)841-2343
E-Mail:       adoppelt@addmg.com

<u>Lead Counsel for The Lemley Defendants:</u>

Stephen M. Dorvee
Scott E. Taylor
Laruen M. Gregory
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363

Phone: (404) 873-8500
Fax:    (404) 873-8501
Email:       stephen.dorvee@agg.com

scott.taylor@agg.com
lauren.gregory@agg.com

Lead Counsel for the NCA Defendants

Richard W. Epstein
Jeffrey A. Backman
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301
Phone: (954) 491-1120
Fax: (954) 213-0140
Email: Richard.Epstein@gmlaw.com
Jeffrey.Backman@gmlaw.com

Lead Counsel for the Grand Incentives Defendants

Marvin P. Pastel, II
Winter Capriola Zenner, LLC
Suite 800
One Securities Center
3490 Piedmont Road NE
Atlanta, GA 30305
404-844-5641
Fax: 404-844-5701
Email: mpastel@wczlaw.net

Lead Counsel for the Allstar Defendants

Daniel A. Kent
KENT LAW P.C.
Georgia Bar Number 415110
dan@kentiplit.com
555 N Point Ctr E Ste 400
Alpharetta, GA 30022
Tel: (404) 585-4214
Fax: (404) 829-2412

IT IS SO ORDERED this __21st__ day of _____February_____ 2014.

20

The Honorable Timothy C. Batten, Sr.
Judge, United States District Court
Northern District of Georgia

**STIPULATED TO BY:**

Counsel for Plaintiff Delta Air Lines, Inc.

/s Paul F. Wellborn III
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie P. Woodard
Georgia Bar No. 775792
WELLBORN, WALLACE & WOODARD, LLC
1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361
Phone:       (404) 815-9595
Fax:          (404) 815-9957
E-mail:      pete@wellbornlaw.com
                 kelly@wellbornlaw.com
                 jamie@wellbornlaw.com

Lead Counsel for Kessler Defendants

/s J. Michael Lindell
J. Michael Lindell (Florida Bar No. 262226) (admitted *pro hac vice*)
Roger K. Gannam (Florida Bar No. 240450) (admitted *pro hac vice*)
LINDELL & FARSON, P.A.
12276 San Jose Boulevard, Suite 126
Jacksonville, Florida 32223-8630
Phone:       (904) 880-4000
Fax:          (904) 880-4013 FAX
E-mail:      mlindell@lindellfarson.com
                 rgannam@lindellfarson.com

Lead Counsel for Influence Direct Defendants

*/s John F. Triggs*
John F. Triggs (pro hac vice)
Ryan D. Levy (pro hac vice)
WADDEY & PATTERSON, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
T: (615) 242-2400
F: (615) 242-2221
jft@iplawgroup.com
rdl@iplawgroup.com

Lead Counsel for Classic Defendants

*/s Ava K. Doppelt*
Ava K. Doppelt
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
255 S. Orange Ave., Suite 1401
Orlando, Florida 32801

Phone:       (407) 841-2330
Fax:         (407) 841-2343
E-Mail:      adoppelt@addmg.com

Lead Counsel for The Lemley Defendants:

*/s Stephen M. Dorvee*
Stephen M. Dorvee (Georgia Bar No. 226989)
Scott E. Taylor (Georgia Bar No. 785596)
Laruen M. Gregory (Georgia Bar No. 729061)
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-8500
Fax:    (404) 873-8501
Email:       stephen.dorvee@agg.com

scott.taylor@agg.com
lauren.gregory@agg.com

Lead Counsel for the NCA Defendants

*/s Richard W. Eptstein*
Richard W. Epstein (Florida Bar No. 229091 – Admitted Pro Hac Vice)
Jeffrey A. Backman (Florida Bar No. 662501 – Admitted Pro Hac Vice)
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, FL 33301
Phone: (954) 491-1120
Fax: (954) 213-0140
Email: Richard.Epstein@gmlaw.com
Jeffrey.Backman@gmlaw.com

Lead Counsel for the Grand Incentives Defendants

*/s Marvin P. Pastel, II*
Marvin P. Pastel, II
Georgia Bar No. 142088
Winter Capriola Zenner, LLC
Suite 800
One Securities Center
3490 Piedmont Road NE
Atlanta, GA 30305
404-844-5641
Fax: 404-844-5701
Email: mpastel@wczlaw.net

Lead Counsel for the Allstar Defendants

*/s Daniel A. Kent*
Daniel A. Kent
KENT LAW P.C.
Georgia Bar Number 415110
dan@kentiplit.com
555 N Point Ctr E Ste 400
Alpharetta, GA 30022

Tel: (404) 585-4214
Fax: (404) 829-2412

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | )   1:13-CV-03388-TCB |
| JAMES CURTIS LEMLEY, NATIONWIDE | ) |
| TRAVEL PROMOTIONS, KING TRAVEL | ) |
| PROMOTIONS, AMERICAN TRAVEL | ) |
| SUPPLIERS, CHRISTI WIGLE, CHELSEE FLY, | ) |
| ROB FLY, ORBITAL PROMOTIONS, AND | ) |
| ORACLE TRAVEL PROMOTIONS, *et al.* | ) |
| | ) |
|       Defendants. | ) |

**DEPOSITION OF _____**
**THIS DAY OF _____, 20__.**

Pursuant to the Court Order dated _____, the following

parts of this deposition are designated as Confidential:

Pursuant to the Court Order dated _____, the following

parts of this deposition are designated as Highly Confidential/Attorneys' Eyes

Only:

This _____ day of _____, 20__.

_____

Attorney for _____

**EXHIBIT B**

State of: _____

County of: _____

      1.    My name is _____. I live at

_____. I

am employed as _____ by

_____.

      2.    I am aware that a protective order pertaining to either Confidential or Highly Confidential information, documents, and other materials has been entered in *Delta Air Lines, Inc. et al. v. James Curtis Lemley, et al.*, Civil Action No. 1:13-CV-03388-TCB in the United States District Court for the Northern District of Georgia, Atlanta Division ("Protective Order"). A copy of that Protective Order has been given to me.

      3.    I have read the Protective Order and I agree to be bound by all of its terms and conditions. All information, documents, and other materials subject to said order have been designated as "Personal Information Confidential," "Confidential," or "Highly Confidential." I will not divulge or disseminate any documents or information subject to the Protective Order to any person or entity

except as set forth in the Protective Order.  I further understand that the documents or information subject to the Protective Order are to be used solely in connection with this litigation.

4.     I further understand that I am to return to counsel with whom I dealt all information, documents, and other materials subject to the provisions of this Protective Order together with all copies, notes, depositions, summaries, renderings, photographs, recordings, and reproductions of every kind or nature that in any way refer to information, documents, or other materials subject to the Protective Order.

5.     I promise that under no circumstances will I retain any duplicate of any such material.  I assume all responsibility for returning this material, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such information that has been entrusted to my care.  My failure to return all such materials will be deemed a disclosure in violation of the Protective Order and this agreement, which may subject me to sanctions.  I expressly agree to pay all reasonable attorney's fees, costs, and expenses associated with enforcement of this provision in order to obtain any compliance with it, in addition to any sanctions the Court may impose.

_____  _____
PRINTED NAME        SIGNATURE

_____  _____
TITLE            DATE
_____
_____  TELEPHONE NO.
_____  _____
ADDRESS        EMAIL ADDRESS