UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. |
| JOHN WUNDER; BRIDGEWATER MARKETING, | ) 1:13-CV-03388-TCB |
| LLC dba TIER 3 PRODUCTIONS; TRAVEL CLUB | ) |
| MARKETING BROKERS, LLC; CLASSIC | ) |
| PROMOTIONS & PREMIUMS, INC.; JOHN | ) |
| VANGINHOVEN; JAMES CURTIS LEMLEY; | ) |
| NATIONWIDE TRAVEL PROMOTIONS; KING | ) |
| TRAVEL PROMOTIONS; AMERICAN TRAVEL | ) |
| SUPPLIERS; CHRISTI WIGLE; CHELSEE FLY; ROB | ) |
| FLY; ORBITAL PROMOTIONS; ORACLE TRAVEL | ) |
| PROMOTIONS; SB GLOBAL MARKETING, LLC; | ) |
| LAURENT HAZOUT; SARA BAYLISS; KESSLER | ) |
| CREATIVE, LLC; KEITH KESSLER; DINA KESSLER; | ) |
| MAIL TO YOU, LLC; MAILHOUSE, LLC; BRAD | ) |
| FRY; ALLSTAR MARKETING DIRECT, LLC; AERIE | ) |
| DAVIS; GRAND INCENTIVES, INC.; JOSE | ) |
| MARTINEZ; GRACE MARTINEZ; JD & T | ) |
| ENTERPRISES, INC.; DELTA SKY REWARDS, LLC; | ) |
| PRESCIENT MARKETING, LLC; MEREDITH | ) |
| SARVER; AND JOHN DOES 1-50, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF DELTA AIR LINES, INC.'S RESPONSE TO THE
STATEMENT OF MATERIAL FACTS OF DEFENDANTS
GRAND INCENTIVES, INC., JOSE MARTINEZ, AND GRACE
MARTINEZ AND ITS STATEMENT OF ADDITIONAL
MATERIAL FACTS THAT PRESENT A GENUINE ISSUE FOR
TRIAL**

Pursuant to Local Rule 56.1(C), Plaintiff Delta Air Lines, Inc. ("Delta")

hereby responds to the Statement of Material Facts of Defendants Grand Incentives,

Inc. ("GI"), Jose Martinez, and Grace Martinez (collectively referred to herein as the

"GI Defendants"), and Delta offers its additional Statement Additional Material

Facts As To Which There Exist Genuine Issues to be Tried, showing this Honorable

Court as follows:

## I.      **Response to GI Defendants' Statement of Material Facts.**

1. Grand Incentives, Inc. is a travel incentive company that provides, in part, airline

travel incentives, and fulfillment of airline travel incentives through Grand

Incentives' licensed travel agents. (Declarations of J. & G. Martinez, ¶ 2).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI

Defendants provided false discovery responses, provided incomplete discovery

responses, and have otherwise intentionally failed and refused to respond fully and

completely to Delta's properly served Second Interrogatories and Requests for

Production of Documents.  These deficient discovery responses have deprived Delta

of information and documents to which it is entitled and which are pertinent to the

facts and issues raised in the pending motion.  Delta further objects on the grounds

that discovery in this matter is ongoing, and Delta is entitled to complete discovery

so that it can respond fully and completely to this statement of fact.  (*See* Legal

Discussion at section II of Delta's contemporaneously filed Response Brief).

Subject to and without waiving these objections, Delta admits that GI is a

travel incentive company that provides, in part, airline travel incentives, and

fulfillment of airline travel incentives through licensed travel agents.  However,

Delta refutes this statement of fact to the extent it implies or purports to represent a

complete statement of the travel-related activities of the GI Defendants.  The GI

Defendants are travel club insiders who are also involved in other aspects of the

travel club scheme, including, without limitation, distribution and travel fulfillment.

These facts are evidenced by the corporate records, prior travel club-related lawsuits

to which the GI Defendants have been parties, and statements contained on the

websites of subsidiary and/or affiliated companies of the GI Defendants, and

numerous consumer complaints and online consumer watchdog group reports

regarding the long-time involvement of the GI Defendants, along with the other

Defendants, in the travel club scheme.  (*See* Eighth Declaration of Paul F. Wellborn,

III ("Eighth Wellborn Dec.") at ¶¶ 4-19 and Ex. C, ¶¶ 20-29 and Exs. D-M, ¶¶ 32-36

and Ex. P-T, and ¶ 40 and Ex. U).

2. The Grand Incentives Defendants had no knowledge or control of other

Defendants' use of the Delta marks. (Declarations of J. & G. Martinez, ¶ 3).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI Defendants provided false discovery responses, provided incomplete discovery responses, and have otherwise intentionally failed and refused to respond fully and completely to Delta's properly served Second Interrogatories and Requests for Production of Documents.  These deficient discovery responses have deprived Delta of information and documents to which it is entitled and which are pertinent to the facts and issues raised in the pending motion.  Delta further objects on the grounds that discovery in this matter is ongoing, and Delta is entitled to complete discovery so that it can respond fully and completely to this statement of fact.  (*See* Legal Discussion at section II of Delta's contemporaneously filed Response Brief).

Moreover, Delta denies that this statement of fact is material to the instant motion.  Contrary to the assertions of the Grand Incentives Defendants, the elements of contributory trademark infringement do not require specific or particularized knowledge of the primary infringer's actions or intent.  Rather, as set forth by the Supreme Court of the United States in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982), neither specific knowledge nor intent is required for contributory trademark infringement liability to attach.  Rather, a supplier (like Grand Incentives) may be found liable if that supplier "knows or has reason to know" that its customer is engaging in

trademark infringement.  *Id.* (emphasis added).  This is in keeping with the common law roots of contributory liability as set forth in the Restatement (Second) of Torts, which imposes contributory liability if one "knows or has reason to know that the other is acting or will act tortuously."  Restatement (Second) of Torts, § 302(b).  Similarly, no specific elements or express organization is required to establish a "RICO enterprise."  The only critical factor in evaluating whether an association constitutes a RICO enterprise is whether the association, however loose or informal, furnished a vehicle for the commission of two or more predicate crimes.  *See United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000).

Subject to and without waiving these objections, Delta shows that the GI Defendants had constructive, if not actual, knowledge of the other Defendants' use of the Delta Marks.  The GI Defendants participated in the travel club scheme under contract with Defendant Curtis Lemley.  (Eighth Wellborn Dec. at ¶ 31 and Ex. O, pp. 20-62).  The GI Defendants also conducted travel club-related business with Defendant John Wunder's company, Woodbine Investments, Inc., and apparently, though its principal Tommy Middaugh, Defendant JD&T Enterprises, Inc. dba Travel to Go (Id. at ¶¶ 20-21 and Exs. D & E).

The GI Defendants also used the DELTA and WIDGET LOGO Marks on their website and represented to the consuming public that they were an authorized

travel partner of Delta, which they knew to be false.  (First Wellborn Dec. [DE10-7] at ¶ 20 and Ex. S, p. 77).  The GI Defendants' conduct only makes sense in light of the other Defendants also holding themselves out collectively as Delta or as authorized representatives of Delta.  In addition, there are literally hundreds of online, consumer complaints concerning the GI Defendants and their participation along with other Defendants in the travel club scheme.  (Eighth Wellborn Dec. at ¶¶ 36, 40 and Exs. T and U).  The GI Defendants have control over their participation as vendors for the other Defendants who the GI Defendants knew or should have known were engaged in infringing conduct involving the unauthorized use of the Delta Marks. (First Wellborn Dec. [DE10-7] at ¶ 20 and Ex. S in Total).

3. The Grand Incentives Defendants do not share ownership of the other Defendants or exercise any control over the other Defendants. (Declarations of J. & G. Martinez, ¶ 4).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI Defendants provided false discovery responses, provided incomplete discovery responses, and have otherwise intentionally failed and refused to respond fully and completely to Delta's properly served Second Interrogatories and Requests for Production of Documents.  These deficient discovery responses have deprived Delta of information and documents to which it is entitled and which are pertinent to the

facts and issues raised in the pending motion.  Delta further objects on the grounds that discovery in this matter is ongoing, and Delta is entitled to complete discovery so that it can respond fully and completely to this statement of fact.  (*See* Legal Discussion at section II of Delta's contemporaneously filed Response Brief).

Subject to and without waiving these objections, Delta admits that the GI Defendants do not share ownership of the other Defendants, but Delta denies that the GI Defendants do not have the ability to control their participation as vendors for the other Defendants who the GI Defendants knew or should have known were engaged in infringing uses of the Delta Marks as well as infringing sales of the GI Defendants' travel incentives, specifically including, but not limited to, the other Defendants' reliance on the GI Defendants' own unauthorized use of the DELTA and WIDGET LOGO Marks on the GI website.  (Eighth Wellborn Dec. at ¶¶ 36, 40 and Exs. T and U).

4. The Grand Incentives Defendants had no knowledge of or control over the other Defendants' use of the Delta marks. (Declarations of J. & G. Martinez, ¶5 ).

**RESPONSE:**        This Statement of Material Fact is identical in substance to Statement of Material Fact No. 2.  Delta accordingly incorporates by reference its objections and response to Statement of Material Fact No. 2 as if set forth in full in response to Statement of Material Fact No. 4

5. The Grand Incentive Defendants have no knowledge whether any use of the Delta marks by other named Defendants could be considered infringing and/or otherwise unlawful. (Declarations of J. & G. Martinez, ¶ 5).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI Defendants provided false discovery responses, provided incomplete discovery responses, and have otherwise intentionally failed and refused to respond fully and completely to Delta's properly served Second Interrogatories and Requests for Production of Documents.  These deficient discovery responses have deprived Delta of information and documents to which it is entitled and which are pertinent to the facts and issues raised in the pending motion.  Delta further objects on the grounds that discovery in this matter is ongoing, and Delta is entitled to complete discovery so that it can respond fully and completely to this statement of fact.  (*See* Legal Discussion at section II of Delta's contemporaneously filed Response Brief).

Moreover, Delta denies that this statement of fact is material to the instant motion.  Contrary to the assertions of the Grand Incentives Defendants, the elements of contributory trademark infringement do not require specific or particularized knowledge of the primary infringer's actions or intent.  Rather, as set forth by the Supreme Court of the United States in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982), neither

specific knowledge nor intent is required for contributory trademark infringement liability to attach.  Rather, a supplier (like Grand Incentives) may be found liable if that supplier "knows or has reason to know" that its customer is engaging in trademark infringement.  *Id.* (emphasis added).  This is in keeping with the common law roots of contributory liability as set forth in the Restatement (Second) of Torts, which imposes contributory liability if one "knows or has reason to know that the other is acting or will act tortuously."  Restatement (Second) of Torts, § 302(b).  Similarly, no specific elements or express organization is required to establish a "RICO enterprise."  The only critical factor in evaluating whether an association constitutes a RICO enterprise is whether the association, however loose or informal, furnished a vehicle for the commission of two or more predicate crimes.  *See United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000).

Subject to and without waiving these objections, Delta denies this statement of fact.  There is significant circumstantial evidence that the GI Defendants participated in all facets of the travel club scheme as outlined in Delta's Second Amended Complaint. (*See* Eighth Declaration of Paul F. Wellborn, III ("Eighth Wellborn Dec.") at ¶¶ 5-19 and Ex. C, ¶¶ 20-29 and Exs. D-M, ¶¶ 32-36 and Ex. P-T, and ¶ 40 and Ex. U).  The GI Defendants have been the subject of a massive number of online, consumer complaints regarding their participation in the travel

club scheme. (Eighth Wellborn Dec. at ¶¶ 36, 40 and Exs. T and U).  Moreover, the

GI Defendants had actual knowledge that they were not authorized to use the Delta

Marks, and the GI Defendants served as vendors to the other Defendants who relied,

in part, on the GI Defendants' own unauthorized use of the Delta Marks.  Therefore,

the GI Defendants knew or should have known that the other Defendants also were

not authorized to use the Delta Marks.

6. The Grand Incentives Defendants had no communications, agreements, or

discussions between themselves or with the other named Defendants regarding the

use of the Delta marks. (Declarations of J. & G. Martinez, ¶ 6).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI

Defendants provided false discovery responses, provided incomplete discovery

responses, and have otherwise intentionally failed and refused to respond fully and

completely to Delta's properly served Second Interrogatories and Requests for

Production of Documents.  These deficient discovery responses have deprived Delta

of information and documents to which it is entitled and which are pertinent to the

facts and issues raised in the pending motion.  Delta further objects on the grounds

that discovery in this matter is ongoing, and Delta is entitled to complete discovery

so that it can respond fully and completely to this statement of fact.  (*See* Legal

Discussion at section II of Delta's contemporaneously filed Response Brief).

Moreover, Delta denies that this statement of fact is material to the instant motion.  Contrary to the assertions of the Grand Incentives Defendants, the elements of contributory trademark infringement do not require specific or particularized knowledge of the primary infringer's actions or intent.  Rather, as set forth by the Supreme Court of the United States in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982), neither specific knowledge nor intent is required for contributory trademark infringement liability to attach.  Rather, a supplier (like Grand Incentives) may be found liable if that supplier "knows or has reason to know" that its customer is engaging in trademark infringement.  *Id.* (emphasis added).  This is in keeping with the common law roots of contributory liability as set forth in the Restatement (Second) of Torts, which imposes contributory liability if one "knows or has reason to know that the other is acting or will act tortuously."  Restatement (Second) of Torts, § 302(b).  Similarly, no specific elements or express organization is required to establish a "RICO enterprise."  The only critical factor in evaluating whether an association constitutes a RICO enterprise is whether the association, however loose or informal, furnished a vehicle for the commission of two or more predicate crimes.  *See United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000).

Subject to and without waiving these objections, Delta shows that, at a minimum, the GI Defendants had communications with Defendant Curtis Lemley regarding his resale of the GI Defendants' travel incentives. (Eighth Wellborn Dec. at ¶ 31 and Ex. O, pp. 20-62).  The GI Defendants also conducted travel club-related business with Defendant John Wunder's company, Woodbine Investments, Inc., and apparently, though its principal Tommy Middaugh, Defendant JD&T Enterprises, Inc. dba Travel to Go (*Id.* at ¶¶ 20-21 and Exs. D & E).  The GI Defendants knew or should have known that travel-club related marketing campaigns of Defendants Lemley, Wunder, and JD&T Enterprises infringed on the Delta Marks.

7. The Grand Incentives Defendants did not induce, encourage, aid, abet, participate in, enable, ratify, profit from, know of, conspire to carryout, and/or otherwise contribute to the other Defendant's use of Delta's marks. (Declarations of J. & G. Martinez, ¶ 7).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI Defendants provided false discovery responses, provided incomplete discovery responses, and have otherwise intentionally failed and refused to respond fully and completely to Delta's properly served Second Interrogatories and Requests for Production of Documents.  These deficient discovery responses have deprived Delta of information and documents to which it is entitled and which are pertinent to the

facts and issues raised in the pending motion.  Delta further objects on the grounds that discovery in this matter is ongoing, and Delta is entitled to complete discovery so that it can respond fully and completely to this statement of fact.  (*See* Legal Discussion at section II of Delta's contemporaneously filed Response Brief).

Subject to and without waiving these objections, Delta shows that the GI Defendants did contribute to the other Defendants' use of the Delta Marks inasmuch as the GI Defendants used the DELTA and WIDGET LOGO Marks on the GI website and served as vendors for the other Defendants who the GI Defendants knew or should have known were also engaged in infringing uses of the Delta Marks. (First Wellborn Dec. [DE10-7] at ¶ 20 and Ex. S, p. 77).

8. The Grand Incentives Defendants did not intend to participate in any use of the Delta mark by other Defendants. (Declarations of J. & G. Martinez, ¶ 8).

**RESPONSE:**      Delta objects to this statement of fact on the grounds that the GI Defendants provided false discovery responses, provided incomplete discovery responses, and have otherwise intentionally failed and refused to respond fully and completely to Delta's properly served Second Interrogatories and Requests for Production of Documents.  These deficient discovery responses have deprived Delta of information and documents to which it is entitled and which are pertinent to the facts and issues raised in the pending motion.  Delta further objects on the grounds

that discovery in this matter is ongoing, and Delta is entitled to complete discovery so that it can respond fully and completely to this statement of fact.  (*See* Legal Discussion at section II of Delta's contemporaneously filed Response Brief).

Moreover, Delta denies that this statement of fact is material to the instant motion.  Contrary to the assertions of the Grand Incentives Defendants, the elements of contributory trademark infringement do not require specific or particularized knowledge of the primary infringer's actions or intent.  Rather, as set forth by the Supreme Court of the United States in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982), neither specific knowledge nor intent is required for contributory trademark infringement liability to attach.  Rather, a supplier (like Grand Incentives) may be found liable if that supplier "knows or has reason to know" that its customer is engaging in trademark infringement.  *Id.* (emphasis added).  This is in keeping with the common law roots of contributory liability as set forth in the Restatement (Second) of Torts, which imposes contributory liability if one "knows or has reason to know that the other is acting or will act tortuously."  Restatement (Second) of Torts, § 302(b). Similarly, no specific elements or express organization is required to establish a "RICO enterprise."  The only critical factor in evaluating whether an association constitutes a RICO enterprise is whether the association, however loose or informal,

furnished a vehicle for the commission of two or more predicate crimes.  *See United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000).

Subject to and without waiving these objections, Delta shows that the GI Defendants intentionally used the DELTA and WIDGET LOGO Marks on the GI website, and the GI Defendants intentionally served as a vendors for other Defendants who the GI Defendants knew or should have known were engaged in infringing uses of the Delta Marks and, along with the GI Defendants, were fraudulently holding themselves out collectively as Delta or as an authorized travel partner of Delta.  (First Wellborn Dec. [DE10-7] at ¶ 20 and Ex. S, p. 77; ).

9. To that end, there is no agreement, scheme, or conspiracy between and among any of the Grand Incentive Defendants and the other named Defendants to use the Delta marks. (Declarations of J. & G. Martinez, ¶ 9).

**RESPONSE:**  Delta incorporates by reference its objections and response to Statement of Material Fact Number 8 above.

10. The Grand Incentive Defendants did not knowingly and willfully join any agreement, scheme, or conspiracy involving the use of the Delta marks. (Declarations of J. & G. Martinez, ¶ 10).

**RESPONSE:**  Delta incorporates by reference its objections and response to Statement of Material Fact Number 8 above.

11. When asked to identify all persons who have knowledge that the Grand Incentive Defendants acted "in concert" with other named Defendants as part of an "overall scheme" to infringe upon Plaintiff's name and marks and to identify the facts each person knows, Plaintiffs failed to identify anyone or any fact regarding the Grand Incentives Defendants acting in concert or being part of an overall scheme. (Plaintiff's Responses and Objections to Grand Incentives' Frist [sic] Interrogatories, Interrogatory No. 7).

**RESPONSE:**        Delta objects to this statement of fact on the grounds that the GI Defendants provided false discovery responses, provided incomplete discovery responses, and have otherwise intentionally failed and refused to respond fully and completely to Delta's properly served Second Interrogatories and Requests for Production of Documents.  These deficient discovery responses have deprived Delta of information and documents to which it is entitled and which are pertinent to the facts and issues raised in the pending motion.  Delta further objects on the grounds that discovery in this matter is ongoing, and Delta is entitled to complete discovery so that it can respond fully and completely to this statement of fact.  (*See* Legal Discussion at section II of Delta's contemporaneously filed Response Brief).

Subject to and without waiving these objections, Delta states that its prior discovery response speaks for itself and that Delta identified the individuals known

to it at the time of the response who it believed were likely to have knowledge of these matters.  Delta specifically shows that the GI Defendants acted in concert with Defendant Curtis Lemley and has had travel club-related dealings with a company owned by Defendant John Wunder and with Defendant JD&T Enterprises, Inc. (Eighth Wellborn Dec. at ¶¶ 20-21, 31, 36 and Exs. D-E, O, pp. 20-62, T).

12. In response to a Request for Production of Documents that support Plaintiff's allegations that the Grand Incentives Defendants acted "in concert" with other named defendants as part of an "overall scheme" to infringe upon Plaintiff's name and marks, Plaintiff produced no documents evidencing an agreement, concerted effort, or conspiracy. (Plaintiff's Responses and Objections to Grand Incentives' First Requests for Production of Documents, Request No. 3).

**RESPONSE:**      Delta incorporates by reference as if the same were fully set forth herein its objections and response to Statement of Material Fact Number 11 above.

## II.   <u>Statement of Additional Facts As To Which There Exists A Genuine Issue To Be Tried.</u>

1.      The GI Defendants materially misrepresented the employment histories and travel club-related experience of Jose L. Martinez and Grace Martinez, and this creates a genuine issue of material fact about the existence of a likely civil conspiracy and/or RICO enterprise.  (Eighth Wellborn Dec. at ¶¶ 4-19 and Ex. C).

2.      The GI Defendants materially misrepresented their past travel club-related dealings and litigation history, which creates a genuine issue of material fact about the existence of a likely civil conspiracy and/or RICO enterprise.  Specifically, the GI Defendants engaged in travel club-related business with, and later sued, Defendant John Wunder's company, Woodbine Investments, Inc.  (Eighth Wellborn Dec. at ¶¶ 20-21 and Exs. D and E).

3.      GI was also sued in February 2014 for travel club-related trademark infringement, and this creates a genuine issue of material fact about a pattern of conduct on the part of GI that evidences the existence of a likely civil conspiracy or RICO enterprise involving counterfeiting, as well as the GI Defendants *scienter* in relation to contributory infringement.  (Eighth Wellborn Dec. at ¶¶ 22-23 and Ex. F-G).

4.      GI failed to disclose additional travel club-related litigation to which it has been a party, and this creates a genuine issue of material fact about its knowledge of and participation in a likely civil conspiracy and/or RICO enterprise, as well as the *scienter* requirement for contributory infringement.  (Eighth Wellborn Dec. at ¶¶ 23-29 and Exs. G-M

5.      Contrary to their express representations to the contrary, the GI Defendants have had travel club-related dealings with a number of other Defendants, and this

creates a genuine issue of material fact about the likely existence of a civil conspiracy and/or RICO enterprise, as well as satisfaction of the *scienter* requirement for contributory infringement.  Specifically, the GI Defendants had communications with Defendant Curtis Lemley regarding his resale of the GI Defendants' travel incentives. (Eighth Wellborn Dec. at ¶ 31 and Ex. O, pp. 20-62). The GI Defendants also conducted travel club-related business with Defendant John Wunder's company, Woodbine Investments, Inc., and apparently, though its principal Tommy Middaugh, Defendant JD&T Enterprises, Inc. dba Travel to Go. (*Id.* at ¶¶ 20-21 and Exs. D & E).

Respectfully submitted this 19th day of May, 2014.

WELLBORN, WALLACE & WOODARD, LLC


/s/ Kelly O. Wallace
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie Woodard
Georgia Bar No. 775792

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:  (404) 815-9595
Fax:    (404) 815-9957
E-mail: pete@wellbornlaw.com
        kelly@wellbornlaw.com
        jamie@wellbornlaw.com

Attorneys for Plaintiff Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELTA AIR LINES, INC.,

        Plaintiff,

v.

JOHN WUNDER; BRIDGEWATER MARKETING,
LLC dba TIER 3 PRODUCTIONS; TRAVEL CLUB
MARKETING BROKERS, LLC; CLASSIC
PROMOTIONS & PREMIUMS, INC.; JOHN
VANGINHOVEN; JAMES CURTIS LEMLEY;
NATIONWIDE TRAVEL PROMOTIONS; KING
TRAVEL PROMOTIONS; AMERICAN TRAVEL
SUPPLIERS; CHRISTI WIGLE; CHELSEE FLY;
ROB FLY; ORBITAL PROMOTIONS; ORACLE
TRAVEL PROMOTIONS; SB GLOBAL
MARKETING, LLC; LAURENT HAZOUT; SARA
BAYLISS; KESSLER CREATIVE, LLC; KEITH
KESSLER; DINA KESSLER; MAIL TO YOU, LLC;
MAILHOUSE, LLC; BRAD FRY; ALLSTAR
MARKETING DIRECT, LLC; AERIE DAVIS;
GRAND INCENTIVES, INC.; JOSE MARTINEZ;
GRACE MARTINEZ; JD & T ENTERPRISES, INC.;
DELTA SKY REWARDS, LLC; PRESCIENT
MARKETING, LLC; MEREDITH SARVER; AND
JOHN DOES 1-50,

        Defendants.

Case No.
1:13-CV-03388-TCB

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

This certifies that the foregoing PLAINTIFF DELTA AIR LINES, INC.'S

RESPONSE BRIEF IN OPPOSITION TO THE MOTION FOR PARTIAL

SUMMARY JUDGMENT OF DEFENDANTS GRAND INCENTIVES, INC.,

JOSE MARTINEZ, AND GRACE MARTINEZ was prepared using 14 point

Times New Roman font and accordingly complies with Local Rule 5.1.  This

certificate is given in compliance with Local Rule 7.1(D).

This 19th day of May, 2014.

WELLBORN, WALLACE & WOODARD, LLC


/s/ Kelly O. Wallace

Paul F. Wellborn III

1175 Peachtree St., NE                  Georgia Bar No. 746720
100 Colony Square, Suite 300            Kelly O. Wallace
Atlanta, Georgia 30361                  Georgia Bar No. 734166
                                        Jamie Woodard
                                        Georgia Bar No. 775792
Phone:  (404) 815-9595
Fax:    (404) 815-9957
E-mail: pete@wellbornlaw.com            Attorneys for Plaintiff Delta Air Lines, Inc.
        kelly@wellbornlaw.com
        jamie@wellbornlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| | ) |
|       Plaintiff, | ) |
| v. | ) |
| | ) Case No. |
| JOHN WUNDER; BRIDGEWATER MARKETING, | ) 1:13-CV-03388-TCB |
| LLC dba TIER 3 PRODUCTIONS; TRAVEL CLUB | ) |
| MARKETING BROKERS, LLC; CLASSIC | ) |
| PROMOTIONS & PREMIUMS, INC.; JOHN | ) |
| VANGINHOVEN; JAMES CURTIS LEMLEY; | ) |
| NATIONWIDE TRAVEL PROMOTIONS; KING | ) |
| TRAVEL PROMOTIONS; AMERICAN TRAVEL | ) |
| SUPPLIERS; CHRISTI WIGLE; CHELSEE FLY; ROB | ) |
| FLY; ORBITAL PROMOTIONS; ORACLE TRAVEL | ) |
| PROMOTIONS; SB GLOBAL MARKETING, LLC; | ) |
| LAURENT HAZOUT; SARA BAYLISS; KESSLER | ) |
| CREATIVE, LLC; KEITH KESSLER; DINA | ) |
| KESSLER; MAIL TO YOU, LLC; MAILHOUSE, LLC; | ) |
| BRAD FRY; ALLSTAR MARKETING DIRECT, LLC; | ) |
| AERIE DAVIS; GRAND INCENTIVES, INC.; JOSE | ) |
| MARTINEZ; GRACE MARTINEZ; JD & T | ) |
| ENTERPRISES, INC.; DELTA SKY REWARDS, LLC; | ) |
| PRESCIENT MARKETING, LLC; MEREDITH | ) |
| SARVER; AND JOHN DOES 1-50, | ) |
| | ) |
|       Defendants. | ) |
| | ) |
| | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2014, I electronically filed PLAINTIFF

DELTA AIR LINES, INC.'S RESPONSE BRIEF IN OPPOSITION TO THE

MOTION FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS

GRAND INCENTIVES, INC., JOSE MARTINEZ, AND GRACE MARTINEZ

with the Clerk of Court using the CM/ECF system which will automatically send

e-mail notification or other sufficient notice of such filing to the following

attorneys of record:

| Counsel For | Attorney | E-mail Address |
|---|---|---|
| Grand Incentives, Inc.<br>Jose Martinez<br>Grace Martinez | Marvin P. Pastel II | mpastel@wczlaw.net |
| Kessler Creative, LLC<br>Keith Kessler<br>Dina Kessler | John Steven Parker<br>Daniel I. MacIntyre IV<br>Bryan Gort<br>Michael Lindell<br>Roger Gannam | jsparker@parkmac.com<br>dmac@parkmac.com<br>bgort@parkmac.com<br>mlindell@lindellfarson.com<br>rgannam@lindellfarson.com |
| Classic Promotions &<br>Premiums, Inc.<br>John Vanginhoven | Ava K. Doppelt<br>Edward McAfee<br>Joanthan Goins<br>Stephanie Delatorre | morgan@morganlawpc.com<br>adoppelt@addmg.com<br>edward.mcafee@lewisbrisbois.com<br>jonathan.goins@lewisbrisbois.com<br>stephanie.delatorre@lewisbrisbois.com |
| John Wunder | Louis R. Cohan | lcohan@cohanlawgroup.com |
| Allstar Marketing Direct, LLC<br>Aerie Davis | Daniel A. Kent | dan@KentIPLit.com |
| James Curtis Lemley<br>Nationwide Travel Promotions<br>King Travel Promotions<br>American Travel Suppliers<br>Oracle Travel Promotions<br>Orbital Promotions<br>Christi Wigle | Stephen M. Dorvee<br>Scott Taylor<br>Lauren Gregory | stephen.dorvee@agg.com<br>scott.taylor@agg.com<br>lauren.gregory@agg.com |

I further certify that on this date, I served the following parties by placing a copy of the referenced filing with the United States Postal Service for delivery via first-class mail in an envelope with adequate postage affixed thereto addressed as follows:

| | |
|---|---|
| **JD& T Enterprises, Inc.**<br>c/o Timothy Binder<br>5404 Morehouse Ave., Suite 315<br>San Diego, CA 92121 | **Chelsee Fly**<br>1007 Jamsie Cove Dr.<br>Charleston, S.C. 29412 |
| **Bridgewater Marketing, LLC d/b/a Tier 3 Productions**<br>c/o SmallBiz Agents<br>7300 Yellowstone Rd., Suite 10<br>Cheyenne, WY 82009 | **Rob Fly**<br>1007 Jamsie Cove Dr.<br>Charleston, S.C. 29412 |
| **Mail to You, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Rd., Suite 10<br>Cheyenne, WY 82009 | **Delta Sky Rewards, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Rd., Suite 10<br>Cheyenne, WY 82009 |
| **Mailhouse, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Rd., Suite 10<br>Cheyenne, WY 82009 | **SB Global Marketing, LLC**<br>The Company Corporation<br>2711 Centerville Rd., Suite 400<br>Wilmington, DE 19808 |
| **Travel Club Marketing Brokers, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Rd., Suite 10<br>Cheyenne, WY 82009 | |

WELLBORN, WALLACE & WOODARD, LLC


/s/ Kelly O. Wallace

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:   (404) 815-9595
Fax:       (404) 815-9957
E-mail:  pete@wellbornlaw.com
            kelly@wellbornlaw.com
            jamie@wellbornlaw.com

Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie Woodard
Georgia Bar No. 775792

Attorneys for Plaintiff Delta Air Lines, Inc.