# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN WUNDER, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:13-CV-03388-TCB |

## CHRISTI WIGLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

That Christi Wigle ("Ms. Wigle") has not been dismissed from this lawsuit is further evidence of Delta's bullying and reckless overreaching. Ms. Wigle was an independent contractor and administrative support professional that worked for the Lemley Defendants for only eight months. She exercised no business discretion during her tenure; rather, she dutifully followed the instructions of Curtis Lemley. Nevertheless, Delta pursues the same RICO and counterfeiting claims against Ms. Wigle—along with the same request for a $24 million judgment.

Ms. Wigle's responsibilities while working for the Lemley Defendants can be described as follows. At all times, Ms. Wigle worked for the Lemley Defendants as an independent contractor. (Deposition of Christi Wigle 216:6-

- 2 -

217:2, April 29, 2015).[1] Ms. Wigle only worked for the Lemley Defendants from May of 2013 to December of 2013. (Wigle Dep. 27:25-28:5). At all times, Ms. Wigle's responsibilities were administrative in nature. (Wigle Dep. 28:13-22, 31:10-17, 37:4-39:8; Deposition of James Curtis Lemley, 243:208, 251:11-20, March 9, 2015). Thus, as stated above, Ms. Wigle exercised no business discretion during her employment with the Lemley Defendants; rather, she followed the instructions of Curtis Lemley. (Wigle Dep. 211:6-23, 43:9-11).

Ms. Wigle's specific responsibilities included training other employees, formatting documents, booking hotels for presentations, providing demographic information to marketing companies, placing orders, and managing escrow accounts. (Wigle Dep. 37:4-39:8, 48:23-49:3). Ms. Wigle did not process travel certificates (Wigle Dep. 67:5-6), work with the Grand Incentives Defendants (Wigle Dep. 170:3-171:11), process complaints (Wigle Dep. 174:21-24) or have any input on the "Delta" mark bearing postcards at issue in this litigation (Wigle Dep. 103:9-16). In fact, Ms. Wigle's involvement with the marketing companies was limited to discussing customer data and demographics. (Wigle Dep. 108:1-24).

---

[1] All deposition excerpts are attached as Exhibits to Ms. Wigle's Statement of Material Facts not in Dispute.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue of material fact. Thus, at the close of discovery, summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Furthermore, the mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. *See id.*

## ARGUMENT AND CITATION TO AUTHORITY

**I.   MS. WIGLE ADOPTS ALL OF THE ARGUMENTS SET FORTH IN THE LEMLEY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.**

Ms. Wigle is entitled to summary judgment on all of Delta's claims, for the same reasons as set forth in the Lemley Defendants' Memorandum of Law in Support of its Motion for Summary Judgment. Ms. Wigle therefore hereby adopts those arguments in full as though they were fully set forth herein.

## II. MS. WIGLE WAS NOT A MOVING FORCE OF ANY OF THE LEMLEY DEFENDANTS' ALLEGED INFRINGEMENT.

In addition, Ms. Wigle is also entitled to summary judgment on all of Delta's claims because she was not a moving force behind any of the Lemley Defendants' alleged infringement. Under the Lanham Act, when the alleged infringement is performed by an agent or employee of a corporation, liability as to that employee is permitted only on evidence that the employee "actively and knowingly caused the infringement" as a "moving, active, conscious force" behind the company's decision to engage in the infringement. *See Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477-78 (11th Cir. 1991). Thus, the individual liability standard "does not ask whether the individual participated or engaged in some infringing act; instead, it asks whether [the individual] actively participated as a moving force in the *decision* to engaged in the infringing acts, or otherwise caused the infringement as a whole to occur." *See id.* at 1478 n.8 (emphasis in original).

Here, Delta has produced no evidence that Ms. Wigle was a moving, active, conscious force behind any alleged infringement. *See id.*  Instead, as stated above, the evidence shows that Ms. Wigle worked at all times as an administrative professional at the instruction of Curtis Lemley. (Wigle Dep. 28:13-22, 31:10-17, 37:4-39:8, 211:6-23, 43:9-11). In no instance did Ms. Wigle make decisions regarding Mr. Lemley's businesses. (Wigle Dep. 211:6-23, 43:9-11). Nor did Ms.

Wigle decide to use any Delta trademarks on the postcards in question. (Wigle Dep. 103:9-16). Instead, Ms. Wigle was just an independent contractor that worked for Mr. Lemley for eight months. (Wigle Dep. 27:25-28:5, 216:6-217:2).

Therefore, because all of Delta's claims rest upon use of Delta trademarks, Ms. Wigle is entitled to summary judgment as to all of Delta's claims.

Dated:  July 29, 2015            Respectfully submitted,

By: s/ Stephen M. Dorvee
Stephen M. Dorvee, Bar No. 226989
Andrew C. Stevens, Bar No. 183366
ARNALL GOLDEN GREGORY LLP
171 17th Street NW
Suite 2100
Atlanta, GA  30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501

Attorneys for Defendant
*Christi Wigle*

7893814v1

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C) and 7.1(D).

This 29th day of July, 2015.

s/Stephen M. Dorvee
Stephen M. Dorvee
GA Bar No. 226989

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing CHRISTI WIGLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT on all counsel of record by causing a copy of the same to be filed electronically through the Court's ECF system.

I further served the following parties by placing a copy of the referenced filing with the U.S. First Class Mail in an envelope with adequate postage affixed thereto addressed as follows:

JD&T Enterprises, Inc.
c/o Timothy Binder
5404 Morehouse Ave., Suite 315
San Diego, CA 92121

SB Global Marketing, LLC
The Company Corporation
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

Bridgewater Marketing, LLC d/b/a
Tier 3 Productions
c/o SmallBiz Agents
109 W. 17th St.
Cheyenne, WY 82001

Chelsee Fly
1007 Jamsie Cove Dr.
Charleston, S.C. 29412

Mail to You, LLC
c/o SmallBiz Agents
109 W. 17th St.
Cheyenne, WY 82001

Rob Fly
1007 Jamsie Cove Dr.
Charleston, S.C. 29412

Mailhouse, LLC
c/o SmallBix Agents
109 W. 17th St.
Cheyenne, WY 82001

Aerie Davis
Aerie Davis RA
5568 General Washington Dr.
Alexandria, VA 22312

7893814v1

- 8 -

Delta Sky Rewards, LLC
c/o SmallBiz Agents
109 W. 17th St.
Cheyenne, WY 82001

Travel Club Marketing Brokers, LLC
c/o SmallBiz Agents
109 W. 17th St.
Cheyenne, WY 82001

Allstar Marketing Direct, LLC
Aerie Davis RA
5568 General Washington Dr.
Alexandria, VA 22312

John Wunder, *Pro Se*
206 W. Rock View Road
Phoenix, AZ 85085

This 29th day of July, 2015.

s/Stephen M. Dorvee
Stephen M. Dorvee
GA Bar No. 226989