UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.1:13-CV-03388-MHC ) ) |
| JOHN WUNDER, et al., | ) ) |
| Defendants. | ) ) |

**PLAINTIFF DELTA AIR LINES, INC.'S MOTION TO SEVER DEFENDANTS MEREDITH STAM AND PRESCIENT MARKETING, LLC AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Delta Air Lines, Inc. ("Delta") hereby moves the Court for an Order, pursuant to Federal Rule of Civil Procedure 21, severing Defendants Meredith Stam[1] ("Stam") and Prescient Marketing, LLC ("Prescient") into a separate case for purposes of judicial economy and the efficient administration of Delta's case against these defendants. In support of its motion, Delta shows this Honorable Court as follows:

### I. SUMMARY OF ARGUMENT

Delta's case against Stam and Prescient should be severed into a separate action because discovery has only just begun as to Stam. Stam and Prescient are

---

[1] Originally identified by her former name, Meredith Sarver.

linked because of Stam's personal participation in Prescient's infringing and tortious conduct, and they are properly paired as a single unit of co-defendants. Delta's case against the other Defendants is drawing to a close, but the case against Stam has only just begun in earnest.[2] The Court previously used this same procedure to sever other co-defendants that, although properly joined in the initial action, were better served by having the claims against them split off into separate actions. [DE 164]. Therefore, the efficient administration of justice and the interests of the parties are best served by separating the case against Stam and Prescient pursuant to Federal Rule of Civil Procedure 21.

## II. STATEMENT OF THE CASE

### A.    *Factual Background*

As is explained in detail in Delta's Preliminary Injunction Motion[3], the defendants (collectively, "Defendants") – including Stam and Prescient – have, pursuant to a massive illegal enterprise, misappropriated in bad faith and for profit

---

[2] Service on Stam was initially delayed because Delta was unaware of the change in her last name and because Stam, despite being present, failed to identify herself to US Marshals when they executed this Court's Order [DE 11] and attempted to affect service upon all named defendants at the Wunder Defendants' offices on December 17, 2013.

[3] Delta's Motion for Temporary Restraining Order, Preliminary Injunction, Ex Parte Seizure Order, and Expedited Discovery and Memorandum of Fact and Law in Support Thereof [DE 10] (the "Preliminary Injunction Motion"), which was filed on December 9, 2013.

Delta's protected name and marks, including, but not limited to, the venerable DELTA Mark, Delta's iconic WIDGET LOGO Mark, and Delta's famous SKYMILES Mark (collectively, with Delta's other registered marks, the "Delta Marks"). *(Preliminary Injunction at 1-22)*. Stam's personal participation in the Defendants' tortious and intentionally infringing conduct is further described in detail in Delta's *Response in Opposition to Stam's Motion to Dismiss for Lack of Personal Jurisdiction* [DE 280]. In sum, Stam was an executive who participated in the day-to-day management and administration of Prescient and other related Defendants (generally, those entities connected to defaulting Defendant John Wunder), which engaged in tortious and intentionally infringing conduct, including, without limitation, the manufacture and distribution of counterfeit Delta Marks. *(Id.)* While Stam has denied these claims, this Court already held in its Order [DE 343] denying Stam's Motion to Dismiss for Lack of Personal Jurisdiction that sufficient evidence exists that Stam personally participated in the tortious conduct of Prescient and the related corporate Defendants associated with Defendant John Wunder. [DE 343].

### B.     *Relevant Procedural History*

On July 24, 2015, the Court entered its Order [DE 343] denying Stam's Motion to Dismiss for Lack of Personal Jurisdiction. As a result, Stam filed her Answer [DE 349] to Delta's Second Amended Complaint on August 3, 2015. Thus, Delta's time

to take discovery in relation to Stam began on September 2, 2015. *See LR* 26.2(A) (stating that discovery generally begins 30 days after a defendant answers). For this reason, Delta's case against Stam and Prescient is out of sync timewise and procedurally with its case against the other Defendants. Delta's undersigned counsel sought Stam's agreement to sever the case against her so that it may be dealt with separately and on a different discovery track from the remainder of this case, but, by and through her counsel, Stam refused to consent. As a result, Delta now brings the instant motion.

## II. ARGUMENT

Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Along with Rule 15(e) pertaining to amendment of pleadings, the Court's authority to add or drop parties and sever claims pursuant to Rule 21 should be liberally construed. *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). Even when a party has been properly joined as a co-defendant, the case against that party may still be severed into a separate action to promote the efficient administration of justice and for other reasons. *See FDIC v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996); *U.S. v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983).

Here, there is no dispute that Stam is properly joined as a co-defendant, but Delta nonetheless moves this Court to sever the case against Stam and Prescient so that it may proceed separately from the case against the other Defendants, with respect to whom briefing will soon close on dispositive motions.  Delta's case against Stam and Prescient is only just beginning in earnest while its case against the other Defendants is drawing to a close.  As a result, the efficient administrative of justice requires that the cases be dealt with separately, and the best way to achieve that result is to sever the case against Stam and Prescient.  This will allow Delta's case against Stam and Prescient to proceed through an orderly discovery process while its case against the remaining Defendants proceeds to summary disposition or trial.

Respectfully submitted this 24th day of September, 2015.

WELLBORN, WALLACE & WOODARD, LLC

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361
Phone:  (404) 815-9595
Fax:      (404) 815-9957
E-mail:  pete@wellbornlaw.com
            kelly@wellbornlaw.com
            jamie@wellbornlaw.com

/s/ Jamie P. Woodard
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie Woodard
Georgia Bar No. 775792
Attorneys for Plaintiff Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. |
| JOHN WUNDER et al., ) | 1:13-CV-03388-MHC |
| ) | |
| Defendants. ) | |

**RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

This certifies that the foregoing Motion to Sever was prepared using 14 point Times New Roman font and accordingly complies with Local Rule 5.1.  This certificate is given in compliance with Local Rule 7.1(D).

This 24th day of September, 2015.

WELLBORN, WALLACE & WOODARD, LLC

/s/ Jamie P. Woodard
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie Woodard
Georgia Bar No. 775792

*Attorneys for Plaintiff Delta Air Lines, Inc.*

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361
Phone:  (404) 815-9595
Fax:    (404) 815-9957
E-mail: pete@wellbornlaw.com
        kelly@wellbornlaw.com
        jamie@wellbornlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. |
| JOHN WUNDER et al., | ) 1:13-CV-03388-MHC |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2015, I electronically filed this Motion to Sever with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification or other sufficient notice of such filing to the following attorneys of record:

| Counsel For | Attorney | E-mail Address |
|---|---|---|
| Grand Incentives, Inc. | Marvin P. Pastel II | mpastel@wczlaw.net |
| Jose Martinez | | |
| Grace Martinez | | |
| Kessler Creative, LLC | John Steven Parker | jsparker@parkmac.com |
| Keith Kessler | Daniel I. MacIntyre IV | dmac@parkmac.com |
| Dina Kessler | Bryan Gort | bgort@parkmac.com |
| | Michael Lindell | mlindell@lindellfarson.com |
| | Roger Gannam | rgannam@lindellfarson.com |
| Classic Promotions & Premiums, Inc. | Ava K. Doppelt | adoppelt@addmg.com |
| John Vanginhoven | Edward McAfee | edward.mcafee@lewisbrisbois.com |
| | Jonathan Goins | jonathan.goins@lewisbrisbois.com |
| | Stephanie Delatorre | stephanie.delatorre@lewisbrisbois.com |
| James Curtis Lemley | Stephen M. Dorvee | stephen.dorvee@agg.com |
| Nationwide Travel Promotions | Scott Taylor | scott.taylor@agg.com |
| King Travel Promotions | Lauren Gregory | lauren.gregory@agg.com |
| American Travel Suppliers | | |
| Oracle Travel Promotions | | |
| Orbital Promotions | | |

Christi Wigle

I further certify that on this date, I served the following parties by placing a copy of the referenced filing with the United States Postal Service for delivery via first-class mail in an envelope with adequate postage affixed thereto addressed as follows:

**JD& T Enterprises, Inc.**
c/o Timothy Binder
5404 Morehouse Ave., Suite 315
San Diego, CA 92121

**Chelsee Fly**
1007 Jamsie Cove Dr.
Charleston, S.C. 29412

**Bridgewater Marketing, LLC d/b/a Tier 3 Productions**
c/o SmallBiz Agents
7300 Yellowstone Rd., Suite 10
Cheyenne, WY 82009

**Rob Fly**
1007 Jamsie Cove Dr.
Charleston, S.C. 29412

**Mail to You, LLC**
c/o SmallBiz Agents
7300 Yellowstone Rd., Suite 10
Cheyenne, WY 82009

**Delta Sky Rewards, LLC**
c/o SmallBiz Agents
7300 Yellowstone Rd., Suite 10
Cheyenne, WY 82009

**Mailhouse, LLC**
c/o SmallBiz Agents
7300 Yellowstone Rd., Suite 10
Cheyenne, WY 82009

**SB Global Marketing, LLC**
The Company Corporation
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

**Travel Club Marketing Brokers, LLC**
c/o SmallBiz Agents
7300 Yellowstone Rd., Suite 10
Cheyenne, WY 82009

**John Wunder (Pro se)**
John Wunder
Express Investments
2525 W. Carefree Highway, Suite 124
Phoenix, AZ 85085

**Allstar Marketing Direct, LLC**
5568 General Washington Dr.
Alexandria, VA 22312

**Aerie Davis**
c/o Daniel M. Press, Esq.
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101

**CRW & Estate of Charles R. Whiteman**
52 Helmsman Dr.
Yarmouth Port, MA 02675


WELLBORN, WALLACE & WOODARD, LLC

1175 Peachtree St., NE
100 Colony Square, Suite 300
Atlanta, Georgia 30361

Phone:  (404) 815-9595
Fax:      (404) 815-9957
E-mail:  pete@wellbornlaw.com
             kelly@wellbornlaw.com
             jamie@wellbornlaw.com

/s/ Paul F. Wellborn III
Paul F. Wellborn III
Georgia Bar No. 746720
Kelly O. Wallace
Georgia Bar No. 734166
Jamie Woodard
Georgia Bar No. 775792

*Attorneys for Plaintiff Delta Air Lines, Inc.*

9