IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NUMBER 1:13-cv-3388-MHC |
| JOHN WUNDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RESPONSE IN OPPOSITION TO MOTION TO SEVER

Comes Now Defendant Meredith K. Stam ("Stam") and files this Response in Opposition to Plaintiff Delta Air Lines, Inc.'s ("Delta") Motion to Sever, showing the Court that severing Stam and Defendant Prescient Marketing, LLC is not warranted under the facts of this case as follows:

### ARGUMENT AND CITATION TO AUTHORITY

Delta asserts that the claims against Defendant Stam and another named Defendant, Prescient Marketing, LLC ("Prescient"), should be severed because discovery against Stam began on September 2, 2015, making Delta's case against Stam *and Prescient* out of sync with the remainder of the case. Doc. 370, 4. In reality, Delta is attempting to use Rule 21 of the Federal Rules of Civil Procedure to extend discovery against Defendant Prescient which, based on the docket has

not been served yet, by tying that limited liability company Defendant to an entirely new discovery track involving Stam, an individual Defendant.

The record before the Court, however, does not establish Stam is an employee, owner, officer or manager of Prescient. Doc. 263-2, ¶ 5.  Rather the record reflects that Stam was formerly employed by Express Investments, LLC, a company which was owned by another Defendant, John Wunder, but which **is not a named defendant in this action**. *Id.* at ¶ 2; *See also* Doc. 8, Amended Complaint.  This Court has not found that Stam "personally participated in the tortious conduct of Prescient" as Delta contends in its motion.  Doc. 370, 3. Plaintiff's assertions to this end unreasonably stretch the Court's prior ruling. Rather, the Court found that, when construing the allegations of the Complaint most favorably to Plaintiff, "Delta has sufficiently alleged that Stam is a primary participant in the activities of corporations that form the basis for the Court's jurisdiction over such corporations." Doc. 343, 11.

The only connection between Prescient and Stam, however, is a Bulk Mail permit that purportedly lists Stam as the contact person for Prescient.  Doc. 280-5, Ex. C.  But Stam has testified that, prior to communicating with counsel for Delta in a good faith effort to resolve the claims against her, she was unaware that she had been listed as the contact person for this or any other such permit. Doc. 263-2,

¶ 6.  The Bulk Mail permit itself does not provide that Stam "registered" the permit, as it contains no indication of who or what registered in the permit.  *See* Doc. 280-5, Ex. C.  In fact, it lists "Meredith Sarven," not Stam or "Meredith Sarver" as the "Contact.[1]"  *Id.*  Delta has redacted the telephone number for the contact, but no other information appears to have been provided that would tie the permit to Stam.

The determination of whether to grant a motion to sever is left to the discretion of the trial court. *Fisher v. Ciba Specialty Chemicals Corp.,* 245 F.R.D. 539, 541 (S.D. Ala. 2007).  When deciding whether to sever claims under Rule 21, the Court may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness. *Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 533 (M.D. Fla. 2012).  The court's decision to sever parties under Rule 21 should be tempered by the possibility of prejudice to the severed party. *Foster v. Auburn Univ. Montgomery*, No. 2:11-CV-503-WHA-CSC, 2011 WL 3875623, at *4 (M.D. Ala. Sept. 1, 2011).

---

[1] Delta initially sued Stam under her maiden name, Meredith Sarver.  There is no evidence that Stam has ever gone by the name "Sarven," however, as listed on the Bulk Mail permit.  This provides yet additional evidence of Delta's attempts artificially concoct Stam's alleged "primary participation" in the infringing conduct.

Here, Delta filed its lawsuit more than two years ago, naming Prescient as a Defendant. Delta has obtained a Default Judgment against all the Wunder-related companies in the suit with the exception of Prescient. Doc. 311. Stam, on the other hand, has exhausted her resources first in attempting to reach a resolution of this matter with Delta and then through her defense of the claim against her.[2] After expending hundreds of thousands of dollars, if not more, in pursuit of its claims against the Wunder-related Defendants and other related entities, Delta has no additional evidence tying Stam to Prescient or the alleged infringing conduct other than what it has provided in response to Stam's Motion to Dismiss. Allowing Delta to now use Stam to substantially extend its protracted litigation against another Wunder-related entity, Prescient, unfairly prejudices Stam and certainly does not promote judicial economy.

## CONCLUSION

For the foregoing reasons, Defendant Meredith Stam requests that Plaintiff Delta Air Lines, Inc.'s Motion to Sever be denied by the Court.

---

[2] Stam has provided Delta with financial records showing that her financial condition will not allow her to continue with such a defense through counsel beyond the filing of this response.

Respectfully submitted October 13, 2015.

/s/ M. Travis Foust
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile
***Counsel for Defendant Meredith K. Stam***

## CERTIFICATION OF COUNSEL / CERTIFICATE OF SERVICE

I certify that this document was prepared with Times New Roman 14-point font pursuant to Northern District of Georgia Local Rules 7.1 and 5.1C.

I further certify that on October 13, 2015, the foregoing **Response in Opposition to Motion to Sever** was electronically filed with the Clerk of Court using the CM/ECF system, which will send e-mail notification to all attorneys of record, and that I served the following parties by placing a copy of the referenced filing in the United States mail with sufficient postage affixed thereon as follows:

| | |
|---|---|
| **JD&T Enterprises, Inc.**<br>C/o Timothy Binder<br>5404 Morehouse Avenue, Suite 315<br>San Diego, CA  92121 | **Allstar Marketing Direct, LLC**<br>5568 General Washington Drive<br>Alexandria, VA  22312 |
| **Bridgewater Marketing, LLC**<br>**d/b/a Tier 3 Productions**<br>c/o SmallBiz Agents<br>7300 Yellowstone Road, Suite 10<br>Cheyenne, WY  82009 | **John Wunder (Pro Se)**<br>John Wunder<br>Express Investments<br>2525 W. Carefree Highway, Suite 124<br>Phoenix, AZ  85085 |
| **Mail to You, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Road, Suite 10<br>Cheyenne, WY  82009 | **SB Global Marketing, LLC**<br>The Company Corporation<br>2711 Centerville Road, Suite 400<br>Wilmington, DE  19808 |
| **Mailhouse, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Road, Suite 10<br>Cheyenne, WY  82009 | **Aerie Davis**<br>c/o Daniel M. Press, Esq.<br>Chung & Press, P.C.<br>6718 Whittier Avenue, Suite 200<br>McLean, VA  22101 |

| | |
|---|---|
| **Travel Club Marketing Brothers, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Road, Suite 10<br>Cheyenne, WY  82009 | **Chelsee Fly**<br>1007 Jamsie Cove Drive<br>Charleston, SC  29412 |
| **Delta Sky Rewards, LLC**<br>c/o SmallBiz Agents<br>7300 Yellowstone Road, Suite 10<br>Cheyenne, WY  82009 | **Rob Fly**<br>1007 Jamsie Cove Drive<br>Charleston, SC  29412 |
| **Charles R. Whiteman/CRW**<br>52 Helmsman Drive<br>Yarmouth Port, MA  02675 | |

/s/ M. Travis Foust
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com